UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATRINA C., | |
| Plaintiff, | Case No. C24-5513-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical opinion evidence, her testimony, and the lay witness statements. (Dkt. # 13.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 17.) Plaintiff filed a reply. (Dkt. # 18.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1970, has at least a high school education, and has no past relevant work. AR at 1610-11. Plaintiff has not engaged in substantial gainful activity since August 21, 2019. *Id.* at 1598.

In August 2019, Plaintiff applied for benefits, alleging disability as of August 21, 2019. AR at 39. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 1595. After the ALJ conducted a hearing in February 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 36-55. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision was the Commissioner's final decision. *Id.* at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

In June 2022, this Court reversed the ALJ's decision and remanded Plaintiff's claim for a new hearing. AR at 1679-88. After the ALJ conducted a new hearing in October 2023, the ALJ issued a new decision finding Plaintiff not disabled. *Id.* at 1592-1621.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the residual functional capacity ("RFC") to perform light work except she: can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can understand, remember, and carry out simple instructions and use judgment to make simple work related decisions; and can deal with occasional interactions with others and changes in a routine work setting. AR at 1598-1601. The ALJ determined that although Plaintiff has no past relevant work, she could perform the jobs of production assembler, agricultural sorter, and office helper, and was thus not disabled. *Id.* at 1610-12. This appeal followed. (Dkt. # 5.)

---

[2] 20 C.F.R. § 416.920.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021), *superseded by regulation on other grounds*. The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

### IV. DISCUSSION

**A.    The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

           *1.*     *Opinions on Mental Impairments*

Dr. Wendy Hartinger, Psy.D., Peter A. Weiss, Ph.D., and Bianca Junker, NP, each evaluated Plaintiff's mental limitations. In April 2019, Dr. Hartinger opined that Plaintiff was markedly limited in her ability to follow a schedule, maintain regular attendance, and complete a workday without psychological interruptions, with moderate limitations in learning new tasks, performing routine tasks without supervision, adapting to changes, communicating effectively, and maintaining appropriate workplace behavior. AR at 483-85. In May 2021, Dr. Weiss reported similar concerns, including severe limitations in maintaining schedules and completing a workweek without psychological interruptions and marked limitations in setting realistic goals and planning independently. *Id.* at 1884-85. In October 2022, Ms. Junker noted that Plaintiff could not interact with coworkers or the public and struggled with typical workplace stresses. *Id.* at 2660.

As to supportability, the ALJ found that Dr. Hartinger, Dr. Weiss, and Ms. Junker adequately supported their assessments with examinations, record reviews, and mental status findings. AR at 1606-07, 1609. As for consistency, however, the ALJ determined that the assessed limitations were inconsistent with the overall record (*id.*). *See Woods*, 32 F.4th at 793 n.4 (even if an opinion is supported, an ALJ may find it unpersuasive because it is inconsistent). The ALJ noted that the mental limitations outlined by the providers conflicted with Plaintiff's activities, including socializing, volunteering, participating in a suboxone program, and managing her home. AR at 1606-07, 1609. The ALJ acknowledged that these activities did not necessarily correlate to the ability to work full-time, but concluded that they deviated from the severe limitations assigned by Dr. Hartinger, Dr. Weiss, and Ms. Junker. *Id.*

1    Plaintiff argues that the ALJ erred by finding the opinion from the testifying medical
2    expert, Ann Monis, Ph.D., more persuasive than the opinions by treating providers Dr. Hartinger,
3    Dr. Weiss, and Ms. Junker, emphasizing that Dr. Monis was not an examining or treating source.
4    (Dkt. # 13 at 3-6, 12.) This argument is unpersuasive under the new regulations, which do not
5    inherently favor evidence from a claimant's own medical sources over government consultants.
6    *Woods*, 32 F.4th at 791. While the new regulations acknowledge that a medical source's
7    relationship is relevant when evaluating the persuasiveness of an opinion, the ALJ no longer
8    needs to make specific findings on these factors. *Id.* at 792.
9    Plaintiff further contends that Dr. Monis testified to having no basis for questioning the
10   providers' findings. (Dkt. # 13 at 3-6, 12.) That said, the record tells a different story. During the
11   hearing, Plaintiff's counsel asked Dr. Monis whether she had any reason to question the
12   providers' findings. AR at 1635. Dr. Monis replied, "My job isn't to question; it's to review the
13   totality of the records and provide an opinion today." *Id.* The ALJ found Dr. Monis's opinion
14   persuasive because it was based on a comprehensive record review and consistent with treatment
15   notes in the file. *Id.* at 1606 (citing *id.* at 1878-79, 1970, 2792). The Ninth Circuit has recognized
16   that ALJs can independently review and interpret medical evidence to fulfill their statutory duty
17   to determine disability. *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Plaintiff has not
18   challenged the ALJ's findings, and the Court will not "manufacture arguments where none is
19   presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The ALJ
20   did not err in finding Dr. Monis's testimony more persuasive than the providers'.
21   Next, Plaintiff broadly contends that "none of these activities are actually inconsistent
22   with" the providers' opinions. (Dkt. # 13 at 3-6.) The ALJ found that participating in a suboxone
23   program, which required regular attendance and adherence to instructions, contradicted the

ORDER - 5

claimed marked limitations in maintaining a schedule and attendance. AR at 1606-07, 1609 (*see also id.* at 1636, 2024, 2283, 2309). The ALJ also concluded that managing a household, finances, and appointments clashed with severe limitations in completing a workday or workweek. *Id.* (*see also id.* at 483, 2657-58). Similarly, the ALJ deemed Plaintiff's ability to socialize, interact at church, manage her household, volunteer, and spend time with friends inconsistent with the providers' claims that Plaintiff could not handle workplace stressors or interactions. *Id.* (*see also id.* at 1642, 2657-58, 2792, 2820, 2832, 3215, 3219, 3239, 3248, 3261, 3265, 3273, 3298).

Plaintiff's general disagreement with the ALJ's assessment of her daily activities analysis does not demonstrate harmful error. *See Smartt*, 53 F.4th at 496 (affirming ALJ's rejection of medical opinion as inconsistent with claimant's daily activities documented in medical records). "[A]lthough the evidence of [Plaintiff's] daily activities may also admit an interpretation more favorable to [Plaintiff], the ALJ's interpretation was rational, and the Court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). Substantial evidence supports the ALJ's determination that Plaintiff's daily activities undermined the severe limitations ascribed by Dr. Hartinger, Dr. Weiss, and Ms. Junker.

In sum, the ALJ properly discounted the providers' opinions due to inconsistencies with other evidence, particularly the moderate evidence of Plaintiff's limitations highlighted by Dr. Monis, and reasonably found that discrepancies in Plaintiff's activities undermined the assessments from Dr. Hartinger, Dr. Weiss, and Ms. Junker. Plaintiff has not established any error in this determination.

       2.  *Opinions on Physical Impairments*

Plaintiff also challenges the ALJ's assessment of opinions from Nina Warrior, ARNP, Omar Gonzalez, PA-C, and Gail Conway, D.O., each of whom provided opinions related to Plaintiff's physical impairments. (Dkt. # 13 at 5-7.) In July 2021, ARNP Warrior provided an opinion limiting Plaintiff to sedentary work, defined on the form as lifting a maximum of 10 pounds, frequently lifting lightweight items, and standing or walking only for brief periods. AR at 1899. In September 2022, PA-C Gonzalez opined that Plaintiff was capable of standing or walking for two to four hours in an eight-hour workday and had several other physical limitations. *Id.* at 2652-54. In September 2023, Dr. Conway stated that Plaintiff could perform sedentary work but should avoid overhead reaching or squatting. *Id.* at 2719.

The ALJ found ARNP Warrior's opinion supported by physical examination findings, including limited range of motion. AR at 1608. The ALJ still discounted it because it conflicted with Plaintiff's generally mild imaging results, normal gait findings, the healed condition of her ramus fracture, and her conservative treatment for hip and spine pain. *Id.* (citing *id.* at 1298, 1498-99, 1903-07, 2670, 2717-18, 2728-30, 3085-86). Similarly, the ALJ found that PA-C Gonzalez supported his assessment with an examination and explanation of his findings, but concluded that the limitations regarding standing/walking time and environmental constraints went against the overall record, which again showed largely mild imaging studies and conservative treatment. *Id.* (citing *id.* at 1498-99, 1903-07, 2134, 2670, 2717-18, 2728-30, 3085-86).

Finally, the ALJ found Dr. Conway's opinion unpersuasive (AR at 1609), noting that while she provided an examination to support her findings, her definition of "sedentary work" lacked clarity. *Id.* (citing *id.* at 2719). The ALJ also determined that the reaching limitation in Dr.

ORDER - 7

1  Conway's opinion clashed with Plaintiff's treatment notes and imaging results. *Id.* (citing *id.* at
2  1903-07, 2134). The ALJ also found the absolute prohibition on squatting inconsistent with the
3  treatment records, though some limitations on postural activities were warranted. *Id.* (citing *id.* at
4  1498-99, 1903-07, 2134, 2670, 2717-18, 2728-30, 3085-86).
5       Plaintiff asserts that none of the ALJ's reasons are supported by substantial evidence, that
6  ARNP Warrior's findings fully support her limitation to sedentary work, and that Dr. Conway's
7  failure to define sedentary work was not an appropriate basis to reject her opinion. (Dkt. # 13 at
8  5-7.) But the Commissioner is responsible for "translating and incorporating clinical findings
9  into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)
10 (internal citation omitted). Simply averring that the ALJ should have accepted the challenged
11 providers' assessments does not constitute a reasoned argument, and the Court declines to
12 "manufacture arguments where none is presented." *Indep. Towers of Wash.*, 350 F.3d at 929. The
13 ALJ's discussion of the record evidence was reasonable and supported by more than a "mere
14 scintilla" of evidence. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (noting that the
15 court defers to ALJ when the record is open to more than one interpretation).
16        3.    *Other Medical Evidence and Administrative Opinions*
17      Plaintiff dedicates six pages to listing clinical findings and administrative opinions, then
18 generally asserts that the evidence supports her testimony, undermines the ALJ's evaluation of
19 the medical opinions, and shows debilitating physical and mental functional limitations. (Dkt.
20 # 13 at 7-12.) This argument fails to meet the requirements for appellate review. *See Putz v.*
21 *Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). The ALJ's assessment was
22 reasonable and supported by substantial evidence.
23

### B. The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony and discounted it on the grounds that Plaintiff's testimony was inconsistent with the overall record, including her treatment history, the efficacy of her medications, the objective medical evidence, and her daily activities. AR at 1601-09. The Commissioner argues that the ALJ's evaluation of Plaintiff's testimony is free of harmful error, supported by substantial evidence, and should be affirmed. (Dkt. # 17 at 10-14.) Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff contends that the ALJ failed to properly evaluate her testimony for three reasons. First, Plaintiff argues that the ALJ failed to adequately assess the objective medical evidence. (Dkt. # 13 at 13-17.) This argument is foreclosed because, as discussed above, the ALJ did not err in evaluating the objective medical evidence.

Second, Plaintiff argues that her activities are not inconsistent with her testimony and that the ALJ summarized evidence without explaining which testimony it undermined. (Dkt. # 13 at 13-17.) In evaluating the ALJ's decision, the Court must look "to *all* the pages of the ALJ's decision," *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis original) and uphold the decision "if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (citation omitted), *superseded by regulation on other grounds*. The ALJ summarized Plaintiff's testimony, discussed the objective medical evidence, and

ORDER - 9

determined Plaintiff's alleged limitations were inconsistent with the longitudinal record. AR at 1601-09.

The ALJ noted that despite Plaintiff's complaints of pain following her car crash (AR at 1601-05), imaging of her cervical, thoracic, and lumbar spine revealed only mild to moderate abnormalities. *Id.* at 1897-98, 1903-07. Although an MRI of the lumbar spine showed some facet arthropathy and minimal degenerative changes, it indicated no acute abnormalities. *Id.* at 3085. Additionally, in May 2021, Plaintiff reported upper back pain and spasms due to lifting, yet examinations revealed only tenderness with a normal range of motion. *Id.* at 2962-67. While some exams noted pain and decreased range of motion, many findings were unremarkable, with normal ranges of motion and no neurological deficits documented repeatedly. *Id.* at 1137, 1142, 1314, 1349, 1494-96, 1498, 1534. Despite Plaintiff's complaints, examiners often described her as being in no acute distress or looking comfortable. *Id.* at 719, 1137, 1146, 1152, 1345.

The ALJ further observed that Plaintiff's treatment remained conservative even after apparent injuries. AR at 1603. Following falls and reported injuries, imaging revealed no fractures, and other incidents, such as a back injury after lifting a heavy container, showed only spasms and tenderness, treated with muscle relaxants. *Id.* at 2123-27, 2132-34, 2728-30. Similarly, Plaintiff received conservative treatment for bilateral trochanteric bursitis and hip pain. *Id.* at 1603, 1906-07, 2667-69. An X-ray showed a healing non-displaced fracture, and hip injections provided relief (*id.* at 1298, 1498-99, 2670). *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

As to mental impairments, the ALJ noted variable treatment records, although most documented normal indicators such as mood, hygiene, orientation, and thought processes. AR at

ORDER - 10

1604-05 (citing *id.* at 874, 924, 955, 1302, 1307, 1311, 1314, 1319, 1328, 1349, 1934, 1951-52, 1970, 1978, 1998, 2253, 2257, 2275, 2323). The ALJ also concluded that Plaintiff's engagement in social activities, volunteering, participation in clubs, and ability to use public transportation and care for her mother further contradicted her claims of disabling limitations. *Id.* at 1602 (citing *id.* at 897, 903, 1406, 2792, 2798). An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in claimant's statements about her daily activities, to reject the claimant's symptom testimony. *Farlow*, 53 F.4th at 489.

Finally, Plaintiff spends several pages summarizing her testimony before asserting that the ALJ improperly rejected the summarized testimony and that a reasonable ALJ could have reached a different decision. (Dkt. # 13 at 14-17.) This argument does not identify an error in the ALJ's decision. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief). Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis original).

In conclusion, the record reflects the ALJ provided specific, rational reasons for discounting Plaintiff's testimony, and Plaintiff's conclusory disagreement with the ALJ's reasoning fails to show harmful error. Even assuming the evidence is susceptible to more than one reasonable interpretation—the ALJ's and Plaintiff's—the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**C.     The ALJ Did Not Err in Evaluating Lay Witness Statements**

Plaintiff argues the ALJ erred in considering third-party statements from an agency interviewer and one of Plaintiff's friends, R.Z. (Dkt. # 13 at 17-18.) In February 2021, R.Z.

reported that Plaintiff had difficulty with crowds and public places and struggled with comprehension, memory, and behavior. AR at 448-55. The ALJ found R.Z.'s statement consistent with Plaintiff's own reports of occasional difficulty interacting with others but noted that it was inconsistent with Plaintiff's documented improvement through interactions with friends and activities at the senior center. *Id.* at 1610. The ALJ also emphasized that R.Z. admitted to not knowing what Plaintiff did from morning until night. *Id.*

R.Z.'s testimony was relevant evidence that the ALJ considered and rejected on the grounds that the longitudinal record did not support a disability finding. The Court has previously found that the ALJ did not err when evaluating various medical opinions and Plaintiff's testimony under similar reasoning. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [Plaintiff's] own subjective complaints, and because [Plaintiff's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."), *superseded by statute on other grounds*. Thus, the ALJ did not err in rejecting R.Z.'s statements based on this rationale.

Although the ALJ did not specifically address the agency interviewer's observations, these observations stemmed from a brief interview and were not intended as an opinion on Plaintiff's functional capacity. *See Michelle M. v. Comm'r of Soc. Sec.*, 2020 WL 6074460, at *6 (W.D. Wash. Oct. 13, 2020) (observations of agency personnel were "based upon brief encounters with Plaintiff, and were intended to gather basic information about Plaintiff's condition, not to provide testimony about her functional limitations."). Since this evidence was neither significant nor probative, the ALJ was not required to discuss it. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), *superseded by statute on other grounds*.

ORDER - 12

### D. The ALJ Did Not Err in RFC Assessment or Step-Five Finding

Plaintiff argues the insufficiency of the RFC assessment given the failure to include the limitations assessed by Dr. Hartinger, Dr. Weiss, ARNP Warrior, Ms. Junker, Dr. Conway, PA-C Gonzalez, Plaintiff, and R.Z. (Dkt. # 13 at 18-19.) This argument fails to establish error because the ALJ properly rejected these opinions and statements, as the Court found earlier. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 10th day of February, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge